IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNER POCKET, INC., d/b/a BALL PARK RESTAURANT, <br><br> Plaintiff, <br><br> vs. <br><br> TRAVELERS INDEMNITY COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 12-288 <br> Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

This is a breach of contract action in which Plaintiff Corner Pocket, Inc., d/b/a Ball Park Restaurant ("Corner Pocket") alleges that Defendant Travelers Indemnity Company ("Travelers") failed to properly honor Plaintiff's insurance policy ("the Policy"). (Docket No. 37 at 1-2). Presently pending before the Court is Travelers' Motion in Limine to preclude the testimony of Henry Krakovsky. (Docket Nos. 63-64). Corner Pocket argues that Mr. Krakovsky was sent by Travelers to the Donatos' place of residence to investigate a potential fraud claim. Travelers, however, maintains that Mr. Krakovsky's testimony is not relevant, as there has been no claim of fraud or bad faith in connection with the claim for damage to the roof decking pending before the Court. The Court heard argument on said Motion during the Final Pretrial Conference on February 18, 2014. (Docket No. 108). Upon consideration of the parties' filings with the Court, (Docket Nos. 64, 83), their arguments at the Final Pretrial Conference, (Docket No. 108), and for the following reasons, Travelers' Motion, (Docket No. 63), is GRANTED.

Pursuant to Rule 401, courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *United States v. Friedman*, 658 F.3d 342, 355 (3d

1

Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard.")). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403; *see Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Here, whatever evidence Mr. Krakovsky may offer is outweighed by the danger of confusing and misleading the jurors. In addition, it could become a "mini" trial, distracting the jurors from the issue at hand. Moreover, it would add length to what should be a straightforward breach of contract action, as there is no assertion of bad faith. (Docket No. 1-2).

Mr. Krakovsky shall also be excluded from testifying, as he was not properly disclosed under Rule 26. Rule 26 requires each party to disclose the name, address, and telephone number of "each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26. It is not disputed that Mr. Krakovsky was not disclosed as required by Rule 26, and Corner Pocket is not calling Mr. Krakovsky solely for impeachment purposes.

Therefore, Travelers' Motion [63], is GRANTED and,

IT IS HEREBY ORDERED that Mr. Krakovsky shall not testify concerning any alleged business interruption claim, allegedly stolen laptop, or fraudulent claim investigation.

IT IS FURTHER ORDERED that there shall be no reference or argument related to Mr. Krakovsky during the course of the trial before the jury.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: February 19, 2014
cc/ecf: All counsel of record.