IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNER POCKET, INC., d/b/a BALL PARK RESTAURANT,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS INDEMNITY COMPANY,<br><br>Defendant. | Civil Action No. 12-288<br>Judge Nora Barry Fischer |

**<u>MEMORANDUM ORDER</u>**

This is a breach of contract action, in which Plaintiff, Corner Pocket, Inc., d/b/a Ball Park Restaurant ("Corner Pocket"), alleges that Defendant, Travelers Indemnity Company ("Travelers"), failed to properly honor Plaintiff's insurance policy ("the Policy"). (Docket No. 37 at 1-2). Presently pending before the Court is Travelers' Motion in Limine to preclude the testimony of James Morrell. (Docket Nos. 67-68). Corner Pocket proffers that Mr. Morrell would testify concerning his opinion of the cause of the damage to the decking as it relates to the February 2010 snowstorm, based on his October 14, 2010 email.[1] (Docket No. 55). Travelers, however, maintains that Mr. Morrell's proffered testimony constitutes inadmissible lay opinion under Rule 701, and the email communications on which Plaintiff relies are inadmissible hearsay. (Docket No. 68 at 1-2). The Court heard argument on said Motion during the Final

---

[1] Plaintiff provided the following offer of proof for Mr. Morrell:

> Mr. Morrell is the Travelers Insurance (Travelers) agent who sold the policy to Corner Pocket, Inc.
> He will identify emails of October 14, 2010 and October 23, 2010, among James Morrell, Donald Ramsey, David Donato, and Mary Donator [sic] regarding continuing damage to the building.
> On October 14th's of 2010 email at 8:47 a.m., Mr. Morrell gives his opinion of the damage to the decking as it relates to the February 2010 snowstorm.

(Docket No. 55 at 8).

1

Pretrial Conference on February 18, 2014. (Docket No. 108). Upon consideration of the parties' filings with the Court, (Docket Nos. 68, 75, 84, 87), their arguments at the Final Pretrial Conference, (Docket No. 108), and for the following reasons, Travelers' Motion, (Docket No. 67), is GRANTED.

Pursuant to Rule 401, courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard.")). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403; *see Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Here, Mr. Morrell cannot provide a lay opinion under Rule 701 because Mr. Morrell's opinion is not based on his personal perception or his direct observations of the roof decking at issue in this case. *See Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 226 (3d Cir. 2008) ("Bravo's opinion was not based on his own perception."). Rather than basing his opinion on direct observations of the roof decking at issue, Mr. Morrell's opinion is based on his understanding of certain email correspondence and expert analyses produced by both parties. *See id.* ("In his videotaped deposition, which appears to have been played in full to the jury, Bravo clearly testified that he had never been to Chenay Bay."). Accordingly, Plaintiff has run

afoul of Rules 701 and 702. *See id.* at 227-28 ("[A] party simply may not use Rule 701 as an end-run around the reliability requirements of Rule 702 and the disclosure requirements of the Rules of Procedure. Preventing such attempts is the very purpose of subsection (c).").

To be sure, Mr. Morrell's opinion may be "helpful to clearly understanding [his] testimony or to determining a fact in issue," *see* FED. R. EVID. 701, but Rule 701 makes clear that any testimony based on "lay opinion must be rationally based on the witness's perception and 'firsthand knowledge of the factual predicates that form the basis for the opinion,'" *see Hirst*, 544 F.3d at 225. Based on the record before the Court, Mr. Morrell did not physically visit the property, make physical measurements, or otherwise observe the factual predicates forming the basis for his opinions. *See Hirst*, 544 F.3d at 226 ("Ultimately, it is beyond dispute that Bravo's opinion was not based on his own perception or firsthand knowledge."). Mr. Morrell merely relies on the expert analyses of others to form his opinion as to causation in this case. As a lay witness, he cannot provide such opinion. As the Third Circuit has recognized in *Hirst v. Inverness Hotel Corp.*, "seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'" *Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 226 (3d Cir. 2008) (quoting *Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir.1986)).

Furthermore, to the extent that Mr. Morrell relies on his experience as an insurance broker rather than any direct observations of the roof decking at issue in this case, Rule 701 also contemplates that a witness' lay opinion cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* FED. R. EVID. 701; *see also James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216 (10th Cir. 2011) ("Mr. Miller's

3

testimony should not have been admitted under Rule 701. It was an abuse of discretion to do so. His testimony was based on technical or specialized knowledge, which is excluded from the category of lay opinion under Rule 701(c)."). Of course, Rule 702 does allow a qualified expert to testify based on "scientific, technical or other specialized knowledge." *See* FED. R. EVID. 702. Witnesses who testify pursuant to Rule 702, however, must be disclosed as expert witnesses, *see* FED. R. CIV. P. 26(a)(2)(A), and must provide an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the witness's qualifications, including a list of all publications authored in the previous 10 years; [and] (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *See* FED. R. CIV. P. 26(a)(2)(B). To that end, it is undisputed that Plaintiff did not disclose Mr. Morrell as Rule 26 requires for expert witnesses, nor did Plaintiff provide any expert report or CV for Mr. Morrell. *See Hirst*, 544 F.3d at 227 ("Bravo was not so disclosed, nor was there any attempt to qualify him as an expert at trial.").

Therefore, Travelers' Motion [67], is GRANTED and,

IT IS HEREBY ORDERED that Mr. Morrell shall not testify concerning his opinion of the cause of the damage to the roof decking.

IT IS FURTHER ORDERED that there shall be no reference or argument related to Mr. Morrell's opinions during the course of the trial before the jury.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: February 20, 2014
cc/ecf: All counsel of record.

4