IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNER POCKET, INC., d/b/a BALL PARK RESTAURANT, ) ) ) ) Plaintiff, ) ) vs. ) ) TRAVELERS INDEMNITY COMPANY, ) ) Defendant. ) | Civil Action No. 12-288 Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

This is a breach of contract action, in which Plaintiff, Corner Pocket, Inc., d/b/a Ball Park Restaurant ("Corner Pocket"), alleges that Defendant, Travelers Indemnity Company ("Travelers"), failed to properly honor Plaintiff's insurance policy ("the Policy"). (Docket No. 37 at 1-2). Presently pending before the Court is Travelers' Motion in Limine to preclude certain evidence or argument relating to the snowfall of February 2010. (Docket Nos. 65-66). Corner Pocket proffers three sets of exhibits relating to the news coverage of the snowfall. (Docket No. 55). These exhibits are Plaintiff Exhibit 1A-E, the February 8, 2010 Daily News, Plaintiff Exhibit 2, WTAE video news footage, and Plaintiff Exhibit 3, WPXI video news footage. *Id.* Travelers responds that any reference to the "historic" nature of the February 2010 snowstorm is irrelevant and unfairly prejudicial to Travelers concerning the cause of damage to the roof decking of the Corner Pocket building, given that Travelers has already stipulated to the amount of snowfall provided by the National Weather Service. (Docket No. 78). Travelers also asserts that the three proffered exhibits are inadmissible hearsay. *Id.* Travelers does not, however, contest the admissibility of historical snowfall data from the National Weather Service, nor does it dispute any testimony or evidence about the amount of snow that was actually on the Corner

1

Pocket Building. *Id.* The Court heard argument on said Motion during the Final Pretrial Conference on February 18, 2014, (Docket No. 108), and upon consideration of the parties' filings with the Court, (Docket Nos. 66, 78, 85, 93), their arguments at the Final Pretrial Conference, (Docket No. 108), and for the following reasons, Travelers' Motion, (Docket No. 65), is GRANTED, in part, and DENIED, in part.

Pursuant to Rule 401, courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard.")). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403; *see Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

Here, any issues relating to the historic nature of the snowstorm or its effect on other buildings have no bearing on the issue of whether snow or ice caused the damage to the roof decking of the Corner Pocket building. Furthermore, the buildings and/or areas depicted in the newspaper and television coverage may or may not be pertinent to the exact locale of Corner Pocket's building in McKeesport, Pennsylvania—i.e., there can be heavy snow east and south of Pittsburgh, Pennsylvania, with little or no snow in downtown Pittsburgh. To that end, any probative value of the newspaper and television accounts of the winter storm of February 2010 is

substantially outweighed by the danger of confusing and misleading the jurors. The use of newspaper and television news accounts, moreover, would be a distraction from the issue at hand, particularly when Travelers has already stipulated to "[t]he snowfall amounts set forth in the weather data from the National Weather Service, marked as Exhibit P-10," as "represent[ing] the official measurement of snow that fell at Pittsburgh International Airport during the relevant time period." (Docket No. 90 at 1).

Evidence that is hearsay is also generally not admissible. FED. R. EVID. 802; *see also United States v. Casoni*, 950 F.2d 893, 903 (3d Cir. 1991) ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." (quoting FED. R. EVID. 802)). "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Casoni*, 950 F.2d at 903 (quoting FED. R. EVID. 801(c)).

"[N]ewspaper articles are considered hearsay and, only in very exceptional circumstances not present here, may be used as evidence during litigation." *See Southco, Inc. v. Fivetech Tech. Inc.*, Civ. No. 10-1060, 2013 WL 6008180, *6 (E.D. Pa. Nov. 12, 2013) (citing *May v. Cooperman*, 780 F.2d 240, 262 n. 10 (3d Cir.1985) (Becker, J., dissenting)); *see also Lawler v. Richardson*, Civ. No. 10-196, 2012 WL 2362383, *2 (E.D. Pa. June 20, 2012) ("Newspaper articles are generally considered hearsay, and may only be used during trial in exceptional circumstances."); *Campbell v. City of New Kensington*, Civ. No. 05-0467, 2009 WL 3166276, *8 (W.D. Pa. Sept. 29, 2009) ("[T]o the extent that Plaintiff relies on these articles for the truth of the matters contained therein, the newspaper articles are hearsay, and in some instances, hearsay within hearsay, and cannot be considered on a motion for summary judgment."). "[G]enerally, newspaper articles and television programs are considered hearsay under Rule 801(c) when

3

offered for the truth of the matter asserted and statements in newspapers by individuals other than the article's author often constitute double hearsay." *Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 308 n.3 (E.D. Pa. 2007) (internal quotation marks omitted).

Plaintiff argues that in *May v. Cooperman*, the Third Circuit affirmed a district court decision in which the district court allowed "the admission in evidence of newspaper accounts of statements made by legislators as to their interest in having religion returned to the school." *May v. Cooperman*, 780 F.2d 240, 252 n.9 (3d Cir. 1985). The Third Circuit, however, further stated: "Our examination of the trial court's findings of fact and conclusions of law convince us that its conclusion with respect to the absence of a secular purpose would not have been different had the newspaper clippings been excluded." *Id.* The Third Circuit's holding thus did not "turn on any alleged error in the admission of hearsay newspaper reports, for there [wa]s ample other evidence supporting the district court's conclusion that the purpose of the legislation was not secular but religious."[1] *Id.* Furthermore, in *Ciarlone v. City of Reading*, the Third Circuit affirmed a trial court's exclusion of newspaper articles as inadmissible hearsay "not sufficiently trustworthy to fall within the residual hearsay exception." *Ciarlone v. City of Reading*, 489 F. App'x 567, 570 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 1263 (2013) ("Plaintiffs first challenge the District Court's refusal to admit two October 2009 newspaper articles from the Reading Eagle (or, alternatively, to allow testimony from the author of those articles) … The District Court concluded that this evidence was not sufficiently trustworthy to fall within the residual hearsay exception … that ruling was eminently reasonable and was not an abuse of discretion.").

---

[1] Although during the Final Pretrial Conference, the Court quoted from the dissent in *May v. Cooperman*, 780 F.2d 240, 263 (3d Cir.1985) (Becker, J., dissenting) ("On the basis of the record, we do not know anything about the reliability of the articles; perception, memory, narration, and misrepresentation all present potential problems. The reporters may have been present for only part of the hearings they reported, and may not correctly have remembered or interpreted the speeches they heard."), these concerns still highlight why newspaper articles and television accounts are generally considered hearsay, and inadmissible barring exceptional circumstances. Moreover, as already noted, *May*'s holding did not turn on the admissibility of the newspaper reports. *See id.* at 252 n.9.

Similarly, the proffered newspaper and television accounts of the snowstorm are not sufficiently reliable without the actual reporter who would come in and testify that he or she investigated and wrote about this storm. Putting the newspaper articles, videos, and television coverage before the jury without the actual reporter would run afoul of the general rule against hearsay. Accordingly, Plaintiff Exhibits P-1A-E, P-2, and P-3 will not be admissible in evidence. However, what is admissible are the National Weather Service records, any testimony by fact witnesses who witnessed the winter storm of February 2010, their observations, and anything else that they may have to offer as to what they actually recall of the snowstorm.

Therefore, Travelers' Motion [65], is GRANTED, in part, and DENIED, in part, and,

IT IS HEREBY ORDERED that Plaintiff Exhibits P-1A-E, P-2, P-3 shall not be admitted in evidence.

IT IS FURTHER ORDERED that any testimony that fact witnesses may have to offer as to what they personally witnessed concerning the winter snowstorm of 2010 shall be admissible.

IT IS FURTHER ORDERED that there shall be no reference to or argument on the newspaper or television accounts of the February 2010 snowstorm during the course of the trial before the jury.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: February 20, 2014
cc/ecf: All counsel of record.