# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNER POCKET, INC., d/b/a BALL PARK RESTAURANT,<br><br>        Plaintiff,<br><br>    vs.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>        Defendant. | Civil Action No. 12-288<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

This case is a breach of contract action, in which Plaintiff, Corner Pocket, Inc., d/b/a Ball Park Restaurant ("Corner Pocket"), alleges that Defendant, Travelers Indemnity Company ("Travelers"), failed to honor Plaintiff's insurance policy ("the Policy"). (Docket No. 37 at 1-2). Presently pending before the Court are Corner Pocket's Objections to the admissibility of any calculations of actual cash value by Mr. Ramsey, as he did not provide an expert report, and he was only disclosed as a fact witness. (Docket No. 108). Corner Pocket also objects to Defense Exhibits D-6, D-7, and D-8 to the extent they display numerical amounts for actual cash values for the disclosed line items. *Id.* At the outset, the Court notes that Corner Pocket did not properly raise its Objections to Mr. Ramsey's proposed testimony through a motion in limine, as is required by the Court's Pretrial Order dated October 8, 2013. (Docket No. 53). Corner Pocket instead raised its Objections by focusing on Defense Exhibits D-6, D-7, and D-8, (Docket No. 108), and the Court has exercised its discretion to consider Corner Pocket's objections. Accordingly, the Court heard argument on said objections during the Final Pretrial Conference, (Docket No. 108), and the parties filed Supplemental Briefs on February 21, 2014, (Docket Nos.

1

115, 116). Upon consideration of the parties' filings with the Court [115], [116], their arguments at the Final Pretrial Conference [108], and for the reasons stated herein, Corner Pocket's Objections are OVERRULED, in part, and SUSTAINED, in part.

Pursuant to Rule 401, courts are instructed generally to admit all evidence having "any tendency" to make the existence of a material fact "more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *United States v. Friedman*, 658 F.3d 342, 355 (3d Cir. 2011); *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532 (3d Cir. 2007) (quoting *Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad and does not raise a high standard.")). Relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403; *see Toledo Mack Sales & Service, Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) ("A district court is accorded wide discretion in determining the admissibility of evidence under the Federal Rules.").

In addition, under Rule 701, "[l]ay witnesses may provide opinion testimony that is '(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" *United States v. Davis*, 524 F. App'x 835, 841 (3d Cir. 2013) (quoting FED. R. EVID. 701). "This [rule] does not mean that an expert is always necessary whenever the testimony is of a specialized or technical nature." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009). "When a lay witness has particularized knowledge by virtue of her experience, she may testify—even if the subject

matter is specialized or technical—because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702." *Id.*

However, "[i]f the witness fails to describe the opinion's basis, in the form of descriptions of specific incidents, the opinion testimony will be rejected on the ground that it is not based on the witness's perceptions." *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003) ("While we have never held that lay opinion evidence concerning the knowledge of a third party is *per se* inadmissible, we have certainly made this kind of evidence difficult to admit."). "[T]his foundational requirement goes to the admissibility of evidence, not merely its weight, because a 'witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.'" *United States v. Garcia*, 291 F.3d 127, 140 (2d Cir. 2002) (quoting FED. R. EVID. 602). Similarly, "[w]hen a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 ... because there is no way for the court to assess whether it is rationally based on the witness's perceptions." *Id.* "A trial judge must rigorously examine the reliability of a layperson's opinion by ensuring that the witness possesses sufficient specialized knowledge or experience which is germane to the opinion offered." *Donlin*, 581 F.3d at 83 (holding that a district court erred in allowing lay witness testimony that "went beyond those easily verifiable facts within her personal knowledge and instead required forward-looking speculation for which she lacked the necessary training").

Therefore, "[a] witness testifying about business operations may testify about 'inferences that he could draw from his perception' of a business's records, or 'facts or data perceived' by him in his corporate capacity." *Polishan*, 336 F.3d at 242 (quoting *Teen–Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403, 404 (3d Cir. 1980)); *United States v. Leo*, 941 F.2d 181, 193 (3d

3

Cir. 1991) ("Our Court has specifically held that lay opinion testimony can be based upon a witness's review of business records."). However, the witness must have a "reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses." *Donlin*, 581 F.3d at 82. Lay opinions which require "assumptions, inferences, and projections about future events" are not admissible. *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007); *see also Donlin*, 581 F.3d at 82 (citing *Eichorn*) ("The witness made various assumptions—much like those made by Donlin—including: when plaintiffs would have retired; how their salaries would have increased in the merged company; what choices the plaintiffs would have made with respect to pension benefits; and the life expectancy of each plaintiff.").

Here, Mr. Ramsey may certainly testify as to his direct observations of the Corner Pocket building; the condition of the building, including the roof and roof decking; the drawings he prepared based on his inspection; and his personal perception of the Corner Pocket claim file, as well as his background, training, and experience. *See Polishan*, 336 F.3d at 242. The proffered lay opinion of Mr. Ramsey thus differs from that of Mr. Morrell because unlike Mr. Morrell, who did not personally observe the roof decking,[1] (Docket No. 108), Mr. Ramsey physically visited the Corner Pocket building and directly observed the damage to the roof decking, *see* Ramsey Dep. 13:9-19:7. Nevertheless, it bears repeating that any assumptions, inferences, or projections about future events are not admissible. *See Eichorn*, 484 F.3d at 650.

Mr. Ramsey may also rely on Travelers documents in preparing his analysis, as "lay opinion testimony can be based upon a witness's review of business records." *See Leo*, 941 F.2d at 193. Mr. Ramsey may testify, therefore, about the "inferences that he could draw from his perception" of the Corner Pocket claims file. *See Polishan*, 336 F.3d at 242. However, he must

---

[1] The court is well aware that it granted Travelers' Motion to Exclude the testimony of Mr. Morrell to the extent that his proffered lay opinion was not based on his personal perception or direct observations of the roof decking at issue in this case. (Docket No. 112). Mr. Morrell was also not disclosed and did not provide any expert report or CV. *Id.*

4

describe the bases for any lay opinion in the form of specific incidents, *see id.*, identify the objective bases for his opinion, *see Garcia*, 291 F.3d at 140, and demonstrate that his opinion is based on verifiable facts within his personal knowledge, *see Donlin*, 581 F.3d at 83. To the extent that Mr. Ramsey discloses this information, Corner Pocket is free to cross-examine him on his methodology in investigating and adjusting the instant claim.

Mr. Ramsey's testimony can also be helpful to more clearly understanding or determining a fact in issue, *see* FED R. EVID. 701, because his testimony could assist the jury in reviewing the documents contained within the Corner Pocket claim file, i.e., Defense Exhibit D-4, *see Leo*, 941 F.2d at 193 ("Kennedy's testimony was helpful in allowing the jury to synthesize and understand the many documents contained in the thirty subcontract files that he had examined."). Mr. Ramsey may also assist the jury by drawing inferences from his perception of the claim file, *see Polishan*, 336 F.3d at 242, based on his experience with Travelers' business records, *see Leo*, 941 F.2d at 193, though he must have a "reasonable basis grounded either in experience or specialized knowledge" for any opinion he expresses, *see Donlin*, 581 F.3d at 82.

However, relative to Mr. Ramsey's proffered lay opinion testimony concerning his calculations of actual cash value, neither party has provided sufficient information[2] for the Court to "rigorously examine the reliability of a layperson's opinion by ensuring that the witness possesses sufficient specialized knowledge or experience which is germane to the opinion offered." *See Donlin*, 581 F.3d at 83. Travelers correctly asserts that the actual cash value numbers reflect the actual amounts that Travelers paid to Corner Pocket for covered losses. (Docket No. 116 at 2). Travelers is also correct that to this point, Plaintiff has not contested the amount of these payments. But before a witness such as Mr. Ramsey can testify concerning the

---

[2] The parties provided the Court with Mr. Ramsey's deposition testimony, which the Court has reviewed. However, there is little reference to actual cash value in the same. *See* Ramsey Dep. 30:4-13.

5

proffered exhibits, i.e., Defense Exhibits D-6, D-7, and D-8, the Court must be satisfied that they are properly admissible as a whole.

Travelers relies on an unpublished decision from the Eleventh Circuit for the proposition that insurance adjusters can testify based on the personal knowledge they acquired during their inspections of a damaged property. *Id.* at 2-3 (quoting *Preis v. Lexington Ins. Co.*, 279 F. App'x 940, 943 (11th Cir. 2008)). While this decision does discuss lay opinion testimony by insurance adjusters, it does not mention actual cash value. *See Preis*, 279 F. App'x at 943. Travelers also relies on one unpublished case from the Wisconsin intermediate appellate court, *see Kielblock v. Hytec Mfg., Inc.*, 706 N.W.2d 703 (Wis. Ct. App. Oct. 11, 2005), which does not mention actual cash value. Although these cases may be persuasive, they are not binding authority.

Accordingly, given the current record before the Court, Mr. Ramsey may not testify concerning his calculations of actual cash value. Travelers has provided no citation to the evidentiary record concerning the methodology with which Mr. Ramsey calculated the actual cash values for the various line items contained in Defense Exhibits D-6, D-7, and D-8.[3] (Docket No. 116). Nor has Travelers presented any case law or other authority to demonstrate that an insurance adjuster may testify as a lay witness under Rule 701 concerning calculations of actual cash value.[4] *Id.*

---

[3] The Court further notes that there was no 30(b)(6) deposition of Travelers in this case. *See* Ramsey Dep. 12:15-19; Harrington Dep. 9:10-14. Instead, Mr. Ramsey, as noted, and Mr. Harrington, his supervisor, were deposed with little or no questioning concerning the calculation of actual cash value. *See* Ramsey Dep. 30:4-13; Harrington Dep. 7:2-16. At the Final Pretrial Conference, the parties referenced a computer-based formula for calculating actual cash value. (Docket No. 108). To that end, the Court requested supplemental briefing on whether an adjuster, estimator, contractor, or other witness, who uses a mathematical formula to arrive at a value, whether it is replacement value, actual cash value, or other value, is considered to be a fact witness or expert witness. *Id.* However, as previously noted, the two cases on which Travelers relies in its Supplemental Brief, (Docket No. 116), do not mention actual cash value and are not binding authority. *See Preis v. Lexington Ins. Co.*, 279 F. App'x 940, 943 (11th Cir. 2008); *Kielblock v. Hytec Mfg., Inc.*, 706 N.W.2d 703 (Wis. Ct. App. Oct. 11, 2005).

[4] It goes without saying that had Travelers disclosed Mr. Ramsey as an expert witness under Rule 702, rather than attempting to call him as a lay witness under Rule 701, his "expert opinion" likely would have been admissible. *See Portside Investors, L.P. v. N. Ins. Co. of New York*, 41 A.3d 1, 12-13 (Pa. Super. Ct. 2011) ("His purported expert opinion as to Pier 34, moreover, expressed an ACV valuation to a reasonable degree of certainty that could serve to

To the extent that Mr. Ramsey relies in this case on his experience and training as an adjuster rather than on any direct observations of the roof decking, the Court is also mindful that Rule 701 contemplates that a witness's lay opinion cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* FED. R. EVID. 701; *see also James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216 (10th Cir. 2011) ("Mr. Miller's testimony should not have been admitted under Rule 701. It was an abuse of discretion to do so. His testimony was based on technical or specialized knowledge, which is excluded from the category of lay opinion under Rule 701(c).").

For the aforementioned reasons,

IT IS HEREBY ORDERED that

1. Plaintiff's Objections to Defense Exhibits D-6, D-7, and D-8 are OVERRULED, in part, and SUSTAINED, in part.

2. Plaintiff's Objections to Mr. Ramsey's testimony concerning actual cash value are OVERRULED, in part, and SUSTAINED, in part.

IT IS FURTHER ORDERED that:

1. The drawings contained within Defense Exhibits D-6, D-7, and D-8 shall be admissible and may be entered in evidence as separate documents.

---

assist the finder of fact in determining ACV in accordance with the insurance policy in question."). Under Rule 702, a qualified expert may testify based on "scientific, technical or other specialized knowledge." *See* FED. R. EVID. 702. Witnesses who testify pursuant to Rule 702, however, must be disclosed as expert witnesses, *see* FED. R. CIV. P. 26(a)(2)(A), and provide an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the witness's qualifications, including a list of all publications authored in the previous 10 years; [and] a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," *see* FED. R. CIV. P. 26(a)(2)(B). To that end, it is undisputed that Travelers has not provided any expert report or CV for Mr. Ramsey. *See Hirst v. Inverness Hotel Corp.*, 544 F.3d 221, 227 (3d Cir. 2008) ("Bravo was not so disclosed, nor was there any attempt to qualify him as an expert at trial.").

2. The actual cash value figures contained within Defense Exhibits D-6, D-7, and D-8 shall not be admissible, given the present record before the Court. However, the parties may reference said amounts as payments received by the Donatos for repair of the roof in the liability phase trial and in mitigation of any damage award in the damage phase of trial.[5]

IT IS FURTHER ORDERED that:

1. Mr. Ramsey may testify as to his direct observations of the Corner Pocket roof decking; his personal perception of the Corner Pocket claim file; and the steps that he took to adjust the Corner Pocket claim for property damage. He shall not speak to any other claim, i.e., business interruption, personalty, and/or debris removal.

2. Mr. Ramsey shall not testify concerning his calculations of actual cash value, given the present record before the Court.

IT IS FINALLY ORDERED that to the extent that Defendant wishes to file a motion for the Court to review *in camera* any testimony from Mr. Ramsey concerning his methodology for calculating actual cash value <u>prior to</u> his damages testimony before the jury, Defendant shall file said Motion by no later than **February 25, 2014 at 12:00 PM**. Plaintiff shall respond by no later than **February 27, 2014 at 12:00 PM**. The Court shall hear such *in camera* testimony on **Friday, February 28, 2014 at 1:00 PM** in Courtroom 5B.

*s/ Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: February 23, 2014
cc/ecf: All counsel of record.

---

[5] The trial in this case will proceed in two phases, pursuant to the Court's Pretrial Order. (Docket No. 53).